IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 25-1315 T
(Judge Armando O. Bonilla)

I HEALTH AND LIFE INSURANCE SERVICES,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**ANSWER TO SECOND AMENDED COMPLAINT AND SECOND AMENDED COUNTERCLAIM**

Defendant, the United States, hereby answers plaintiff's second amended complaint (ECF 31). Defendant denies all allegations that are not expressly admitted below.

Defendant further:

## THE PARTIES[1]

1. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1. States that plaintiff's IRS Forms 941 and Forms 941-X for the third quarter of 2020 list its address as either "1050 E Perrin, Fresno, CA 93720" or "1050 E Perrin Ave #107, Fresno, CA 93720."

2. Admits that the United States of America is the proper defendant. Denies that plaintiff is entitled to any of the relief that it seeks.

[1] Although this answer adopts the headings in the second amended complaint for organizational purposes, the headings constitute conclusions or argument, which require no response; to the extent a response is necessary, defendant denies.

3. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4. States that no response is required to paragraph 4 as it describes and characterizes a document that speaks for itself. States that defendant will respond to the allegations in Exhibit A (ECF 31-1) in a separate section of this answer, below.

**JURISDICTION**

5. States that paragraph 5 constitutes legal argument to which no response is required. Further states that subject-matter jurisdiction, to the extent it exists, would be granted through 28 U.S.C. § 1491(a). Denies that 28 U.S.C. § 1346(a)(1) has any applicability to this case.

**LEGAL BACKGROUND**

**Federal Employment Taxes**

6. Admits that plaintiff is claiming a refund of Form 941 employment taxes based on an alleged entitlement to employee retention credits for the quarter ending September 30, 2020. Denies that plaintiff is entitled to such relief. Denies that plaintiff's business was partially suspended by government orders that limited commerce, travel, or group meetings.

7–9. States that the allegations in paragraphs 7 through 9 constitute legal conclusions or argument, which require no response.

**Employee Retention Credit**

10–12. States that the allegations in paragraphs 10 through 12 constitute legal conclusions or argument, which require no response.

## General Qualifying Requirements

### *Employer Eligibility*

13. States that the allegations in paragraph 13 and its subparagraphs, as well as those in footnote 1, constitute legal conclusions or argument, which require no response.

14. States that the allegations in paragraph 14 constitute legal conclusions or argument, which require no response.

### *Qualified Wages*

15. States that the allegations in paragraph 15 constitute legal conclusions or argument, which require no response.

### *Calculating the Credit*

16–17. States that the allegations in paragraphs 16 and 17 constitute legal conclusions or argument, which require no response.

## FACTUAL BACKGROUND

### Plaintiff's Business and Its Component Operations

18–22. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 18 through 22.

23. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. Further states that to the extent paragraph 23 is alleging that the referenced "wages" were "qualified" for an employee retention credit, that allegation consists of legal argument to which no response is required; to the extent a response is required, denies.

**<u>The Relevant Government Orders</u>**

24–25. States that the allegations in paragraphs 24 and 25 are legal arguments to which no response is required; to the extent a response is required, denies.

***The Statewide Orders***

26–27. States that no response is required to paragraphs 26 and 27 as they wholly consist of descriptions and characterizations of documents that speak for themselves. Further states that to the extent paragraphs 26 and 27 are alleging that any of the referenced orders qualify plaintiff to claim the ERC, that is a legal argument to which no response is required.

28. States that no response is required to paragraph 28 as it consists of descriptions and characterizations of documents that speak for themselves, plaintiff's reasoning for including an allegation, and legal argument—none of which require a response. Further states that to the extent paragraph 28 is alleging that any of the referenced orders qualify plaintiff to claim the ERC, that is a legal argument to which no response is required.

29. States that no response is required to paragraph 29 as it wholly consists of descriptions and characterizations of documents that speak for themselves. Further states that to the extent paragraph 29 is alleging that any of the referenced orders qualify plaintiff to claim the ERC, that is a legal argument to which no response is required.

***The Fresno County Orders***

30–31. States that no response is required to paragraphs 30 and 31 as they wholly consist of descriptions and characterizations of documents that speak for themselves. Further states that to the extent paragraphs 30 and 31 are alleging that any of the referenced orders qualify plaintiff to claim the ERC, that is a legal argument to which no response is required.

***The San Diego County Orders***

32–39. States that no response is required to paragraphs 32 through 39 as they wholly consist of descriptions and characterizations of documents that speak for themselves. Further states that to the extent paragraphs 32 through 39 are alleging that any of the referenced orders qualify plaintiff to claim the ERC, that is a legal argument to which no response is required.

40. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

**Plaintiff's Operations in Q3 2020: Discrete Portions of the Business Temporarily Ceased**

41. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 41. States that the second sentence of paragraph 41 is legal argument which requires no response; to the extent a response is required, denies.

***In-Person Production Call Handling at Fixed Workstations – The Idled Sections of the Call Floors***

42. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first or last sentences of paragraph 43. Further states that defendant lacks knowledge or information about who drew the floor plans attached as Exhibit B to the second amended complaint or whether the floor plan or photographs attached as Exhibit C to the second amended complaint accurately represent plaintiff's Fresno office space.

44. States that no response is required to the first sentence of paragraph 44 as it wholly consists of descriptions and characterizations of documents that speak for themselves.

States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 44.

45–46. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 45 and 46.

***In-Person New-Agent Training and Onboarding***

47–48. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 47 and 48.

***Live Floor Supervision and Side-by-Side Coaching***

49–50. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 49 and 50.

***On-Site Customer-Service Call Handling***

51. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

***The Order-Commanded Exclusion of Workers – Per-Worker Cessation***

52. States that paragraph 52 constitutes legal argument to which no response is required; to the extent a response is required, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53–54. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 53 and 54.

***Remote Work Did Not Restore the Ceased Portions***

55. States that whether something was done "[a]t the behest of the Relevant Governmental Orders" is a legal conclusion which requires no response; to the extent a response is required, states that defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegation. Otherwise, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56–57. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 56 and 57.

**Causation: The Ceased Portions Were Commanded, Not Chosen**

58. States paragraph 58 constitutes legal argument which requires no response; to the extent a response is required, denies.

59. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 59. States that no response is required to the remainder of paragraph 59 as it wholly consists of descriptions and characterizations of documents that speak for themselves.

60. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 60. States that no response is required to the remainder of paragraph 60 as it wholly consists of descriptions and characterizations of documents that speak for themselves.

**The Ceased Portions Were More Than Nominal**

61. States that paragraph 61 constitutes legal argument which requires no response; to the extent a response is required, denies.

62. States that defendant lacks knowledge or information sufficient to form a belief about whether "[d]emand for Plaintiff's services remained strong" or whether there were "cessations of Plaintiff's capacity to serve that demand." States that whether plaintiff is invoking the gross-receipts basis for eligibility is plaintiff's characterization of its legal claim, which requires no response; to the extent a response is required, admits.

63. States that whether the federal Emergency Paid Sick Leave Act (April 1 – December 31, 2020) required Plaintiff to provide paid sick leave is a legal argument which requires no response; to the extent a response is required, states that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation. States that defendant lacks knowledge or information sufficient to form a belief about why plaintiff pleaded this allegation. States that whether plaintiff's partial-suspension claim rests of the Emergency Paid Sick Leave Act is plaintiff's characterization of its legal claim, which requires no response; to the extent a response is required, admits.

64. Denies.

**<u>Subsequent Periods</u>**

65–69. States that no response is required to paragraphs 65 through 69 because they wholly consist of descriptions and characterizations of documents that speak for themselves.

70. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

**THE 941-X FILINGS AND PAYMENT STATUS**

71. To the extent paragraph 71 is alleging that plaintiff's operations were partially suspended by a government order or by government orders per the relevant provisions of the laws establishing the ERC, that is a legal argument to which no response is required; to the extent a response is required, denies. Admits that plaintiff filed Forms 941-X for the quarters listed in the table in paragraph 71. Admits that the Forms 941-X for the third quarter of 2020 and second quarter of 2021 reported qualified wages and claimed ERCs (excluding interest) in the stated amounts. States that defendant lacks knowledge or information sufficient to form a

belief about whether the table correctly reports the qualified wages reported or ERCs claimed for the remaining quarters listed.

72. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72. Further states that to the extent paragraph 72 is asserting that the referenced "wages" were "qualified" for the ERC, it consists of legal argument to which no response is required. To the further extent a response is required, denies.

73. Admits.

74. Admits. Avers that the IRS issued a refund check for the quarter ending June 30, 2021, on or about September 8, 2025.[2]

75. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 75.

76. Admits.

77. States that defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

**COUNT I: PLAINTIFF IS ENTITLED TO A REFUND FOR Q3 2020**

78. Denies. Avers that plaintiff's account transcript for the quarter ending September 30, 2020, reflects that plaintiff did not file an original Form 941 until October 31, 2020.

79. Admits plaintiff's Form 941-X for the third quarter of 2020 claimed qualified wages and an ERC in the stated amounts. States that defendant lacks knowledge or information sufficient to form a belief about whether plaintiff paid wages in the stated amount. Further states that to the extent paragraph 79 is alleging that the referenced "wages" were "qualif[ied]" for an

[2] Defendant has asserted a counterclaim alleging that this was an erroneous refund it is entitled to recover.

ERC, it consists of legal argument to which no response is required. Denies that plaintiff is entitled to an ERC in the stated amount.

80. Denies that plaintiff filed a Form 941-X for Q3 2020 on or about January 18, 2023. States that, on March 6, 2023, the IRS's Service Center in Ogden, Utah, received a Form 941-X for Q3 2020 with a typed taxpayer signature dated January 18, 2023, in an envelope postmarked February 6, 2023. Admits the referenced Form 941-X claimed a refund of $50,536.74. States that defendant has no reason to believe the exhibit referenced in paragraph 80 is not a true and correct copy.

81. States that paragraph 81 consists of legal argument to which no response is required; to the extent a response is required, denies.

82. States that the allegations contained in paragraph 82 constitute legal conclusions to which no response is required.

83. Admits.

84. Denies.

The unnumbered paragraph beginning "WHEREFORE" is plaintiff's prayer for relief to which no response is required.

**RESPONSE TO EXHIBIT A – STATEMENT UNDER RCFC 9(m)(2)(B)**

In response to plaintiff's "Rule 9(m) Statement" (ECF 31-1), defendant states as follows:

(i) Admits. Denies that plaintiff is entitled to the requested relief.

(ii) Admits. Denies that plaintiff is entitled to the requested relief.

(iii) Denies that plaintiff filed a Form 941-X for Q3 2020 on or about January 18, 2023. States that, on March 6, 2023, the IRS's Service Center in Ogden, Utah, received a Form

941-X for Q3 2020 with a typed taxpayer signature dated January 18, 2023, in an envelope postmarked February 6, 2023.

(iv) States that defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in subpart (iv). States that plaintiff's IRS Forms 941 and Forms 941-X for the third quarter of 2020 list its address as either "1050 E Perrin, Fresno, CA 93720" or "1050 E Perrin Ave #107, Fresno, CA 93720," and its employer identification number (EIN) as ending with the digits "6681."

(v) Denies that plaintiff filed a Form 941-X for Q3 2020 on or about January 18, 2023. States that, on March 6, 2023, the IRS's Service Center in Ogden, Utah, received a Form 941-X for Q3 2020 with a typed taxpayer signature dated January 18, 2023, in an envelope postmarked February 6, 2023.

(vi) States that the allegation contained in subpart (vi) requires no response.

## SECOND AMENDED COUNTERCLAIM

85. Pursuant to I.R.C. § 7405, the United States brings this counterclaim to recover an erroneous refund of employment tax and interest paid to plaintiff for the quarter ending June 30, 2021.

86. Pursuant to I.R.C. § 7401, this counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Deputy Director of the Court of Federal Claims Section of the Tax Litigation Branch, Civil Division, a delegate of the Attorney General of the United States.

87. Jurisdiction of this counterclaim is conferred upon the Court by 28 U.S.C. §§ 1503, 2508.

88. Under the CARES Act, Consolidated Appropriations Act of 2021, and the American Rescue Plan Act of 2021, the ERC is only available to an "eligible employer."

89. As relevant here, an employer is an "eligible employer" if its operations were "fully or partially suspended during the calendar quarter due to orders from an appropriate governmental authority limiting commerce, travel, or group meetings (for commercial, social, religious, or other purposes) due to the coronavirus disease 2019 (COVID–19)." I.R.C. § 3134(a), (c)(2)(A)(ii)(I). Plaintiff's second amended complaint incorrectly alleges that it met this definition in the quarter at issue. (ECF 31 ¶ 71).

90. The second amended complaint does not allege that plaintiff suffered a significant decline in gross receipts, an alternative criterion for being an "eligible employer" for ERC purposes. (ECF 31 ¶ 62).

91. Plaintiff's operations were not "fully or partially suspended" by any order cited in the second amended complaint.

92. Moving the location of employee desks (ECF 31 ¶ 45); changing the location that a supervisor had to stand when addressing in-person workers (*id.* ¶ 49); moving some supervision from in-person to electronic messages (*id.* ¶ 50); having some call-center workers take calls from home (which plaintiff describes as a "small portion of its workforce") (*id.* ¶ ¶ 51, 55); and having 21 employees excluded from in-person work because of COVID-19 symptoms of exposures over a period of 15 months (*id.* ¶ 53) do not rise to the legal of a "full or partial suspension" of business operations.

93. The IRS received Forms 941-X from plaintiff for the quarter ending June 30, 2021, on February 28, 2023, and April 10, 2025. The Forms 941-X claimed tax refunds based on the ERC of $335,247.37.

94. The IRS issued a tax refund of $335,247.37 plus $56,763.03 of interest, for the quarter ending June 30, 2021, on or about September 8, 2025.

95. This refund was made erroneously because plaintiff does not meet the requirements in I.R.C. § 3134(c)(2) to be considered an "eligible employer" because plaintiff's operations were not "fully or partially suspended due to orders issued by a governing authority in response to COVID-19." *See* I.R.C. § 3134(c)(2)(A)(ii)(I).

96. Any impacts to plaintiff's business operations either (a) do not rise to the level of a full or partial suspension, or (b) were not result of any orders issued by a governing authority, but were instead caused by economic, social, biological, or other factors.

97. Under I.R.C. § 6532(b), "[r]ecovery of an erroneous refund by suit under section 7405 shall be allowed only if such suit is begun within 2 years after the making of such refund . . . ."

98. The refund for the quarter ending June 30, 2021, was issued on or about September 8, 2025. A counterclaim for an erroneous refund for this quarter is therefore timely.

WHEREFORE, defendant prays that the Court:

a. Enter judgment that plaintiff is not entitled to any tax refund for the taxable periods ending September 30, 2020;

b. Enter judgment in favor of the United States and against plaintiff for an erroneous refund of tax and interest for the taxable period ending June 30, 2021, plus assessed and statutory interest and costs allowed by law; and

c. Provide any other relief the Court deems just and proper, including costs.

Respectfully submitted,

August 20, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ David I. Pincus*
DAVID I. PINCUS
Deputy Director

*/s/ Elizabeth B. Villarreal*
ELIZABETH B. VILLARREAL
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
Post Office Box 26
Washington, D.C. 20044
Telephone: (202) 353-0553
Elizabeth.Villarreal@usdoj.gov

Attorneys for Defendant